REQUESTED BY: Senator Jacklyn Smith 812 State Capitol Lincoln, NE 68509
Dear Senator Smith:
This letter is in response to your request that our office render an opinion with regard to the following questions: (1) Do the statutes of the State of Nebraska, including Neb.Rev.Stat. §§ 83-306 and 83-307.01 (Reissue 1981), prevent, prohibit, or discourage the Department of Public Institutions from closing the Medical Detoxification facility at the Hastings Regional Center?; and (2) is the Medical Detoxification facility at the Hastings Regional Center mandated to be, encouraged to be, or by application a state responsibility under either the statutes of this state or the common law? The answer to each of your inquiries is `no'.
First, it is our opinion that the statutes of the State of Nebraska do not prevent, prohibit, or discourage the Department of Public Institutions from terminating the Medical Detoxification program at the Hastings Regional Center. Our opinion is based on the understanding that there are two different types of treatment provided at the Hastings Regional Center to individuals who are `addicted to the excessive use of alcoholic liquors': (1) the short-term Medical Detoxification program through which individuals' withdrawal from alcohol is managed and monitored; and (2) the longer term alcohol treatment program through which individuals are educated and counseled with regard to their alcohol addiction, and motivated to positively cope with that addiction. As we use the term `Medical Detoxification program' in this opinion, we are referring solely to the Medical Detoxification program as just described, and are not referring to any aspects of the alcohol treatment program as just described.
Neb.Rev.Stat. § 83-306 (Reissue 1981) provides as follows:
 (4) Dipsomaniacs, inebriates, and other persons addicted to the excessive use of alcoholic liquors shall, unless request is made in writing by the patient that he be committed to another state hospital, be committed to the Hastings Regional Center and shall be placed and kept together in a separate building or in one ward, except when, in the opinion of the superintendent, some individual patients would be detrimental to the treatment, care, and program adopted; Provided, if no space is available at the Hastings Regional Center to take care of the patient, he may be committed to and accepted by any of the other state hospitals having space available.
Section 83-306 clearly places upon the Department of Public Institutions the responsibility for providing treatment to `individuals addicted to the excessive use of alcohol' at the Hastings Regional Center. The manner in which such treatment is to be provided is identified in Neb.Rev.Stat.83-307.01 (Reissue 1981), which provides:
 Each patient addicted to the excessive use of alcoholic liquors who is confined in such a hospital shall be given such treatment as is deemed best to eliminate the effects of alcohol, to build up his system physically and mentally, and to strengthen his moral character and enable him to resist the temptation to use alcoholic drinks. Such patient shall, during the course of treatment, be given diets, baths, recreational facilities, exercise, and such other accepted treatment as will rehabilitate him. The hospitals shall give or cooperate with an educational program recommended by the organization known as Alcoholics Anonymous to aid the patient after such rehabilitation. Any patient that does not cooperate with the educational program may be transferred to another ward of the Hastings Regional Center or to another of the state hospitals for the mentally ill in this state. There shall be a sufficient number of attendants who are trained in the principles and teachings of the organization known as Alcoholics Anonymous to insure that such educational program will be carried out.
It is our understanding that each of the methods of treatment prescribed in § 83-307.01 falls within the scope of the alcohol treatment program and not within the scope of the Medical Detoxification program.
Our opinion that the Department of Public Institutions would not be prohibited by statute from terminating the Medical Detoxification program is based on the fact that although § 83-306 provides that individuals `addicted to alcohol' must be treated at the Hastings Regional Center, it does not provide that a Medical Detoxification program must be established as a part of such treatment. Simply, no specific statute requires that a Medical Detoxification program must be maintained at the Hastings Regional Center. Whether the Medical Detoxification program at the Hastings Regional Center is terminated is a management decision which may be made by the Department of Public Institutions.
Second, it is our opinion that neither the statutes of the State of Nebraska nor the common law mandates, encourages, or by application makes the Medical Detoxification facility at the Hastings Regional Center a state responsibility. As above, the distinction between the Medical Detoxification program and the alcohol treatment program is crucial. The Medical Detoxification program at the Hastings Regional Center exists as a part of the alcohol treatment scheme because it has been voluntarily provided by the Department of Public Institutions and not because it has been mandated by statute or the common law.
Very truly yours,
ROBERT M. SPIRE Attorney General
Jill Gradwohl Assistant Attorney General
APPROVED:
Robert M. Spire Attorney General